```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

WILFREDO FRANCO,                  :
    Plaintiff,                :
                               :        PRISONER
    v.                         :  Case No. 3:12-cv-1357(AWT)
                               :
CITY OF NEW HAVEN, et al.,        :
    Defendants.               :

### ORDER TO AMEND

The plaintiff, currently incarcerated at the Cheshire Correctional Institution in Cheshire, Connecticut, has filed a complaint pro se pursuant to 42 U.S.C. § 1983.  He names as defendants the City of New Haven, Police Chief Doe, Officer Mendez, Officer Segui, Officer F. Ortiz, Lt. L. Casanova, Officer R. Melendez, Sgt. P. Marino and Officers John Doe One and Two.

Under 28 U.S.C. § 1915A, the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  Id.

In reviewing a pro se complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]."  Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007).  Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007).

Conclusory allegations are not sufficient.  Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  But "'[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  Boykin v. KeyCorp, 521 F.3d 202, 214 (2d Cir. 2008) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

   The plaintiff alleges that, on the evening of August 12, 2012, defendant Officers Doe One and Two pursued him when he and a friend left a café.  Becoming aware of the pursuit, the plaintiff accelerated his vehicle.  As he approached an intersection, an unmarked police vehicle hit the right front passenger side of the plaintiff's vehicle, causing the plaintiff to lose control and hit a fence.

   Defendants Doe One and Two approached the plaintiff's vehicle with guns drawn and ordered the plaintiff to exit the vehicle.  The plaintiff complied with the order.  Officer Doe One handcuffed the plaintiff and forced him to kneel on the ground.  Officers Doe One and Two then beat the plaintiff, rendering him unconscious.  When he awoke at the hospital, the plaintiff was arrested and taken to the New Haven Police Department and detained until his arraignment.  He was not provided any ice or treatment for his injuries while at the police department.

As explained above, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. Although he names many police officers, the plaintiff includes factual allegations regarding only Officers Doe One and Two. Thus, the plaintiff has not met this standard with regard to any of the named defendants.

Rather than dismiss his complaint, the court will afford the plaintiff the opportunity to file an amended complaint to clarify his claims. In the amended complaint, the plaintiff shall clearly state the facts underlying each claim and specify how each defendant was involved in the claim. In addition, the plaintiff shall provide the names of the John Doe defendants.

**The plaintiff shall file an amended complaint that complies with the directions provided above**. He shall file the amended complaint within **thirty (30) days** from the date of this order. Failure to timely file the amended complaint may result in the dismissal of all or part of this action without further notice from the court.

It is so ordered.

Dated this 12th day of October 2012, at Hartford, Connecticut.

                                                   /s/AWT
                                           Alvin W. Thompson
                                   United States District Judge