UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT


WILFREDO FRANCO,                  :
          Plaintiff,             :
                                 :                PRISONER
     v.                          :  Case No. 3:12-cv-1357(AWT)
                                 :
CITY OF NEW HAVEN, et al.,       :
          Defendants.            :


INITIAL REVIEW ORDER

The plaintiff, currently incarcerated at the Cheshire Correctional Institution in Cheshire, Connecticut, has filed an amended complaint pursuant to the court's October 12, 2012 order. He names as defendants the City of New Haven, Police Chief Dean Esserman, Lieutenant L. Casanova, Sergeant Zona and Lieutenant Reddish.

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  Id.

In reviewing a pro se complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007).  Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds

upon which they are based and to demonstrate a right to relief. Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. But "'[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Boykin v. KeyCorp, 521 F.3d 202, 214 (2d Cir. 2008) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

The plaintiff alleges that, on the evening of August 12, 2012, defendants Casanova, Zona and Reddish used excessive force against him, defendant Casanova by unnecessarily hitting the front passenger side of the plaintiff's car with his police vehicle after a high speed chase and defendants Zona and Reddish by assaulting him while the plaintiff was restrained. The plaintiff also alleges that the City of New Haven and Police Chief Esserman were aware of defendant Casanova's history of improper behavior but failed to properly train and supervise him and failed to establish a policy to prevent abuses of high speed chases. The court concludes that the amended complaint should be served on all defendants.

ORDERS

(1)  **The Pro Se Litigation Office shall** mail a waiver of service of process request packet including the amended complaint to each defendant, Esserman, Casanova, Zona and Reddish, in his individual capacity at the New Haven Police Department, One Union Avenue, New Haven, Connecticut 06511 within **five (5) business days** of this Order, and report to the court on the status of those waiver requests on the **thirty-fifth (35)** day after mailing. If any defendant fails to return the waiver request, the Pro Se Prisoner Litigation Office shall make arrangements for in-person service by the U.S. Marshals Service and that defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(2)  **The Pro Se Prisoner Litigation Office shall** prepare summons forms and send official capacity service packets to the U.S. Marshal Service.  The U.S. Marshal is directed to effect service of the amended complaint on the City of New Haven and the other defendants in their official capacities at the Office of the City Clerk, 165 Church Street, New Haven, Connecticut 06510, within **five (5)** days from the date of this order and to file returns of service within **fifteen (15)** days from the date of this order.

(3)  **The Pro Se Prisoner Litigation Office shall** send written notice to the plaintiff of the status of this action,

3

along with a copy of this Order.

(4)  **Defendants shall** file their response to the complaint, either an answer or motion to dismiss, within **seventy (70)** days from the date of this order.  If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above.  They also may include any and all additional defenses permitted by the Federal Rules.

(5)  Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order.  Discovery requests need not be filed with the court.

(6)  All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(7)  Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within **twenty-one (21)** days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(8)  Plaintiff may not amend his complaint to include any additional claims or defendants without first obtaining leave of court.

SO ORDERED this 4th day of December 2012, at Hartford, Connecticut.

_____/s/AWT_____
Alvin W. Thompson

United States District Judge